UNITED STATES, Appellee

V.

Ricky L. LAMBERT, Lieutenant Junior Grade,
U.S. Navy, Appellant

No. 00-0319

Crim. App. No. 97-2027

United States Court of Appeals for the Armed Forces

Argued November 9, 2000

Decided August 15, 2001

BAKER, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ., joined.

Counsel

For Appellant:  Lieutenant Jonathan R. Goodman, JAGC, USNR
    (argued).

For Appellee:  Major Edward C. Durant, USMC (argued); Colonel
    Marc W. Fisher, Jr., USMC, and Lieutenant Commander Philip L.
    Sundel, JAGC, USNR (on brief); Colonel Kevin M. Sandkuhler,
    USMC, and Lieutenant Kevin S. Rosenberg, JAGC, USNR.

Military Judge:  J. F. Blanche

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

Judge BAKER delivered the opinion of the Court.

Appellant was tried by a general court-martial composed of officer members on August 19, September 13, and October 21, 1996, and February 4, February 24-28, and March 3-4, 1997. He was found guilty of one specification of indecent assault in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Appellant was sentenced to a dismissal, 30 days' confinement, and a reprimand. The convening authority approved the adjudged sentence. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. This Court granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN FAILING TO
> ADEQUATELY VOIR DIRE THE MEMBERS, AND FAILING TO
> ALLOW CIVILIAN DEFENSE COUNSEL TO VOIR DIRE THE
> MEMBERS, AFTER A MEMBER INTRODUCED A BOOK
> ENTITLED "GUILTY AS SIN" INTO THE DELIBERATION
> ROOM.

We hold that the military judge did not err under these facts.

### FACTS

Immediately following the rendering of the verdict, the civilian defense counsel made the following comment on the record:

> CC: Yes, sir. I have one matter I think we need to
> discuss before we move to other procedural
> aspects of the sentencing in this case.
>
> It has come to my attention that throughout the
> deliberations, one of the members has had a book

> in the deliberation room with him entitled, "Guilty as Sin." I have not read the book and I don't know what it is, and I don't know exactly who it belongs to, other than that it belongs to one of the members and has been out in full view during the deliberations. I know that the cover of the book has a picture of a judge, a jury, and a witness; and on the witness stand is written "Liar." <u>I believe at this point we should voir dire the members and find out whose book it is and what, if any, influence it has.</u> I think - - and I don't recall specifically that the military judge in preliminary instructions said that they should not have any outside materials in there, or consult any outside material.

> MJ: All right. We'll discuss that when we come back in.

(Emphasis added.)

Following a short recess, the military judge conducted the following inquiry:

> MJ: One matter that the parties have asked me to inquire about is, it was observed in the deliberation room that somebody brought to the deliberation room a novel or book called, "Guilty as Sin." Who brought that particular book there?

> (Captain [P] raised her hand.)

The members then withdrew from the courtroom, with the exception of Captain P. Captain P was then questioned by the military judge as follows:

> MJ: Captain [P], the parties are not familiar with this particular book or novel. Is this a fiction novel?

> MBR (CAPT P): Yes, sir.

3

> MJ:   Okay; and did you just bring it with you to read
> during down time in administrative breaks when we
> were not deliberating?
>
> MBR (CAPT P):  Yes, sir.  I haven't brought it for the
> last two days.
>
> MJ:   Okay; and did you share its contents with any
> other member of the panel?
>
> MBR (CAPT P):  No, sir.
>
> MJ:   Did any other panel member request to read it?
>
> MBR (CAPT P):  No, sir.
>
> MJ:   Okay.  Did it play any part whatsoever in your
> deliberations process?
>
> MBR (CAPT P):  No, sir.
>
> MJ:   And again, you were instructed - - or recall my
> instructions that you were not to consult any
> written source, whether it be the Manual for
> Courts-Martial, the UCMJ, or anything else, in
> deciding any of the issues in this case.  Have
> you explicitly followed my instructions in that
> regard?
>
> MBR (CAPT P):  Yes, sir.

Following these questions, the defense requested an opportunity to voir dire the member.  The request was denied by the military judge.  No offer of proof was made by the defense as to any proposed voir dire questions, nor did the defense raise a motion for a new trial or a mistrial.

The instructions given to the members by the military judge were standard Benchbook[1] instructions occurring both before and

---

[1] Military Judges' Benchbook (Dept. of the Army Pamphlet 27-9 (April 1, 2001)).

4

after general voir dire.  Before, the military judge instructed the members:  "You are required to follow my instructions on the law, and may not consult any other source as to the law pertaining to this case unless it is admitted into evidence."  After, the military judge instructed the members that they "may not consult any source, written or otherwise, as to matters involved in this case."

## DISCUSSION

The Sixth Amendment provides:  "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ."  A military accused has no Sixth Amendment right to a trial by jury, Ex Parte Quirin, 317 U.S. 1, 39-40 (1942).  However, "Congress has provided for trial by members at a court-martial."  United States v. Witham, 47 MJ 297, 301 (1997).

Further, the Sixth Amendment requirement that the jury be impartial applies to court-martial members and covers not only the selection of individual jurors, but also their conduct during the trial proceedings and the subsequent deliberations. See RCM 912 and 923, Manual for Courts-Martial, United States (1995 ed.).[2]  This case involves the latter aspect of

---

[2] All Manual provisions are cited to the version in effect at the time of appellant's court-martial.  The current version is unchanged unless otherwise indicated.

5

impartiality: specifically, the conduct of an individual member during deliberations who may have introduced extraneous information into the deliberative process.

It is long-settled that a panel member cannot be questioned about his or her verdict but can be questioned about the introduction of extraneous information into the deliberative process. Tanner v. United States, 483 U.S. 107 (1987); United States v. Witherspoon, 16 MJ 252, 253 (CMA 1983); Mil.R.Evid. 606(b), Manual, supra. That, however, is not the question before us. The appellant here challenges the procedure by which the members were questioned. Specifically, appellant alleges that the military judge erred by inadequately questioning the members and by failing to allow civilian defense counsel to question the members.

RCM 923 provides that findings may be impeached when "extraneous prejudicial information was improperly brought to the attention of a member, outside influence was improperly brought to bear upon any member, or unlawful command influence was brought to bear upon any member." Further, the Discussion to RCM 923 provides that

> when a showing of a ground for impeaching the verdict has been made, members may be questioned about such a ground. The military judge determines, as an interlocutory matter, whether such an inquiry will be conducted and whether a finding has been impeached.

In making the determination whether to investigate and what kind of investigation to make, as well as whether and to what extent the conduct was prejudicial, the trial court has wide discretion. 2 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 12.06 at 12-36 (3rd ed. 1999), citing United States v. Boylan, 898 F.2d 230, 258 (1st Cir. 1990), cert. denied, 498 U.S. 849 (1991); United States v. Ianniello, 866 F.2d 540, 543 (2d Cir. 1989); United States v. Soulard, 730 F.2d 1292 (9th Cir. 1984); United States v. Manning, 509 F.2d 1230 (9th Cir. 1974), cert. denied, 423 U.S. 824 (1975). Discretionary decisions will be reviewed for abuse only. Id. at 12-37.

With respect to the adequacy of the questions asked by the military judge, the court below noted, and we agree, that

> [t]he military judge established that the novel played no role in deliberations, that no member other than its owner possessed the novel, that no member inquired of the contents of the novel, that the novel was present for only 2 of the 10 hours of deliberations, and that the novel was not referred to at any time during the deliberations.

Unpub. op. at 6. Based upon his questions, the military judge was able to determine that neither Captain P nor any other juror violated the instructions he gave them to not "consult any other source as to the law pertaining to this case" and not "consult any source, written or otherwise, as to matters involved in this case." The book in question was fiction, did not relate to the

case, was not consulted by anyone, and was present only for 2 of the 10 hours of deliberation.  Therefore, we hold that the military judge's questions were adequate.

Appellant asserts, nevertheless, that the military judge should have allowed civilian defense counsel to question the members.  We disagree.  In the context of questioning members before they are empaneled, as a precursor to challenges for cause and peremptory challenges, this Court has held: "Neither the UCMJ nor the Manual. . . gives the defense the right to individually question the members."  United States v. Dewrell, 55 MJ 131, 136 (2001), citing United States v. Jefferson, 44 MJ 312, 317-19 (1996).  We find this to be just as true with respect to questioning members concerning their conduct during the proceedings and deliberations.

As for the standard of review, we hold that in the context of inquiring into members' conduct during the proceedings or deliberations, a military judge's decision is reviewed for an abuse of discretion.  There was no evidence that any of the other members even saw the book in question.  Additionally, defense counsel did not articulate any particular way in which the military judge's voir dire questions were inadequate, nor did she make an offer of proof as to other areas that would be addressed in her proposed questioning.  Hence, we hold that the

8

military judge did not abuse his discretion in declining to allow civilian defense counsel to <u>voir dire</u> the members.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.